IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0184-02 |
| | § | |
| JOHN BLACKMON | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion by the defendant, John Blackmon, for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on a recent amendment to the United States Sentencing Guidelines [Doc. # 67]. Blackmon has also filed a supplemental motion for a reduction in sentence [Doc. # 68]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Blackmon's motions are denied for reasons stated briefly below.

**I.     BACKGROUND**

Blackmon and a co-defendant were charged in a multi-count indictment with aiding and abetting the possession with intent to distribute, and conspiracy to possess with intent to distribute, cocaine base or "crack" cocaine, as well as aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense. On September 6, 2007, Blackmon pleaded guilty to the charges against him, including a possession count (count 1), a conspiracy count (count 2), and a firearms count (count 4).

According to the Pre-Sentence Report prepared by the probation office, Blackmon

was accountable for possessing with intent to distribute 22.2 grams of crack cocaine. He was also found to possess four firearms. With a reduction for acceptance of responsibility, and placement in Criminal History Category I, Blackmon faced a potential range of imprisonment of 46 to 57 months under the guidelines. On May 20, 2008, this Court sentenced Blackmon to serve concurrent 60-month terms of imprisonment on counts 1 and 2 in compliance with the statutory minimum found in 21 U.S.C. § 841(b)(1)(B)(iii), followed by a mandatory consecutive term of 60 months' imprisonment on count 4 as required by 18 U.S.C. § 924(c)(1)(A) and 2, for a total of 120 months' imprisonment.

Blackmon, who did not appeal, now requests a reduction in his sentence of imprisonment based upon the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372 (2010). The FSA went into effect on August 3, 2010, and raised the threshold amounts of crack that trigger the statutory minimums for convictions under 21 U.S.C. § 841(a). *See* 21 U.S.C. § 841(b). In response to the FSA, the Sentencing Commission proposed temporary Amendment 748, which became permanent Amendment 750, to lower the guideline offense levels applicable to crack offenses.[1] Amendment 750 became effective

---

[1] In addition to reducing the statutory penalties for certain crack cocaine offenses, the FSA directed the Sentencing Commission to promulgate emergency amendments that would conform the applicable sentencing guidelines with its provisions. As a result of that directive, the Sentencing Commission promulgated a temporary, emergency amendment (Amendment 748), which lowered the base offense levels for possession of crack cocaine found in § 2D1.1. On April 6, 2011, the Sentencing Commission re-promulgated the provisions of Amendment 748 as permanent and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 FED. REG. 24960, 24962 (May 3, 2011). Thereafter, the Sentencing Commission re-designated Amendment 748 as Amendment 750 in Appendix C of the Guidelines, and voted to give Parts A and C retroactive effect, starting
(continued...)

on November 1, 2011. The FSA does not apply retroactively to defendants who have already been sentenced. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *see also United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011) (collecting cases). Thus, the Court liberally construes Blackmon's motion to request a reduction or modification of his sentence under Amendment 750.

## II. DISCUSSION

Blackmon's request for a reduction or modification of his sentence is governed by 18 U.S.C. § 3582(c)(2). Under this statute, a district court may modify "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" only where such a reduction is "consistent with" applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, — U.S. —, 130 S. Ct. 2683, 2691 (2010) (outlining the two-step process for determining whether a defendant is eligible for relief under § 3582(c)(2)). The Sentencing Commission has promulgated policy statements regarding a court's consideration of a motion under 18 U.S.C. § 3582(c)(2) at § 1B1.10 of the United States Sentencing Guidelines. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). "The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence." *Id.* (citing *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995)).

According to the applicable policy statement, a reduction in a defendant's term of

---

[1](...continued)
on November 1, 2011. *See* 76 FED. REG. 41332–41335 (July 13, 2011).

imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if the amendment that the defendant relies upon is listed in § 1B1.10(c) of the Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2011). Amendment 750 (parts A and C only) is listed among the retroactive amendments found in § 1B1.10(c). Thus, Blackmon correctly notes that these portions of Amendment 750, which went into effect on November 1, 2011, apply retroactively to reduce the penalty for certain offenses involving cocaine base or crack cocaine. This, however, does not end the inquiry where Blackmon is concerned.

Blackmon acknowledges in his motion that his sentence was determined in compliance with mandatory minimum sentencing ranges required by statute. The record reflects that, although Blackmon was convicted of conspiracy to possess and possession with intent to distribute crack cocaine (counts 1 and 2), he was sentenced to 60 months or 5 years' imprisonment in compliance with the mandatory minimum term required by 21 U.S.C. § 841(b)(10(B)(iii). Blackmon also received a consecutive mandatory minimum term of 60 months (5 years) in accordance with the statute governing possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A), for his conviction in count 4. Thus, the record confirms that Blackmon's sentence was not based on the crack cocaine guidelines affected by Amendment 750.

As clarified in the commentary to U.S.S.G. § 1B1.10, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in [§ 1B1.10(c)] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable

4

guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n. 1(A). Because Blackmon's sentence was determined by mandatory minimum statutes, and not based on a subsequently reduced guidelines range, he is not entitled to a reduction in sentence under § 3582(c)(2). *See United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010); *see also United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that a defendant subject to a statutory mandatory minimum sentence is not eligible for a reduction under § 3582(c)(2)); *United States v. Blount*, 397 Fed App'x 947, 2010 WL 4116904 (5th Cir. 2010) (per curiam) (same).

## III. CONCLUSION AND ORDER

Accordingly, it is **ORDERED** that Blackmon's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) [Doc. # 67] and his supplemental motion [Doc. # 68] are **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on December 19, 2011.

Nancy F. Atlas
United States District Judge